## Samuel L. Wright, Defendant in Error, v. Anton J. Cermak, Bailiff, and H. P. Cullen, Defendants.

### Anton J. Cermak, Bailiff, Plaintiff in Error.

### Gen. No. 20,263.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed April 21, 1914. Rehearing denied May 5, 1914.

## Statement of the Case.

Action by Samuel L. Wright against Anton J. Cermak, bailiff of the Municipal Court of Chicago, and H. P. Cullen to recover $15 as attorney's fees and $8.75 claimed to have been paid for storage charges on an automobile. Previous to the action the defendant, Cermak, levied an execution on plaintiff's automobile and had it stored in a warehouse. The plaintiff brought a proceeding to try the right of property under section 311a, ch. 37, Hurd's R. S., J & A. ¶ 3361, and recovered a judgment awarding an execution for the automobile and for cost of the proceedings. The warehouse receipt was turned over to the plaintiff and when plaintiff called for his automobile he was compelled to pay $8.75 for storage charges; and this action was brought for that sum and attorney's fees for services rendered by plaintiff's attorney in the proceeding for trial of right of property. To reverse a judgment in favor of plaintiff for $8.75, defendant Cermak brings error.

On the trial, proof of the amount claimed for attorney's fees was excluded as not a proper element of damages. The defendant, Cermak, submitted the following propositions of law, which the court refused to hold as law:

1. "A resort to the statutory action of a trial of right of property and a recovery therein is a waiver of

an action against an officer for trespass for wrongfully levying an execution.

2. The plaintiff herein had but one cause of action for the wrong committed, though a choice of remedies, and the following of either is a bar to the others.

3. The plaintiff having commenced and prosecuted to a judgment in the Municipal Court of Chicago a trial of right of property proceeding, and having accepted the benefits of the judgment entered therein, has thereby precluded himself from maintaining this action.''

JOHN STELK, for plaintiff in error.

OTTO W. JURGENS, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTION, § 130*—*when judgment on trial of right of property no bar to suit to recover damages.* Where a person whose automobile was wrongfully levied on as the property of another, prosecuted to judgment in the Municipal Court a trial of the right of property and accepted the benefits of the judgment, *held* that he was not thereafter precluded from bringing an action against the officer for damages sustained on account of the wrongful levy.

2. EXECUTION, § 130*—*propositions of law.* Propositions submitted as law with respect to the effect of a judgment recovered in a trial of right of property as being a bar to a further action for damages, *held* properly refused.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.